IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| MARYANN CALHOUN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 05-0872-CV-W-DW |
| v. ) | |
| ) | |
| JO ANNE B. BARNHART, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

# ORDER

Maryann Calhoun appeals the denial of her application for disability insurance benefits. See 42 U.S.C. §§ 401 et seq. She asserts a disability caused by fibromyalgia and osteoarthritis. After a hearing, an ALJ found that Calhoun was not under a "disability" as defined in the Social Security Act. The ALJ's decision is the final decision of the Commissioner. Because the record sufficiently supports the ALJ's findings, the decision is affirmed.

This Court reviews whether the Commissioner's findings of fact are supported by substantial evidence on the record as a whole. See Stormo v. Barnhart, 377 F.3d 801, 805 (8th Cir. 2004). Substantial evidence is less than a preponderance, but enough that a reasonable mind finds adequate to support the ALJ's determination. See id. at 805. The Court considers "evidence that supports the ALJ's decision as well as evidence that detracts from it, but even if inconsistent conclusions may be drawn from the evidence, the agency's decision will be upheld if it is supported by substantial evidence on the record as a whole." Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005).

The facts and arguments are presented in the parties' briefs and are repeated here only in

part. The main issue is whether the ALJ properly assessed Calhoun's credibility. The credibility of subjective testimony is primarily for the Commissioner to decide. See Benskin v. Bowen, 830 F.2d 878, 882 (8th Cir. 1987). The standard for the evaluation of pain and other subjective complaints is set by Polaski v. Heckler, 739 F.2d 1320 (8th Cir. 1984). In evaluating subjective complaints, the Commissioner must consider objective medical evidence, as well as any evidence relating to: (1) a claimant's daily activities; (2) the duration, frequency, and intensity of the claimant's pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of medication; and (5) functional restrictions. See id. at 1322; Guilliams, 393 F.3d at 802. The ALJ need not discuss each Polaski factor methodically, as long as the factors are acknowledged and considered. See Brown v. Chater, 87 F.3d 963, 966 (8th Cir. 1996).

     This Court concludes that the ALJ adequately considered the Polaski factors in concluding that Calhoun's subjective complaints were inconsistent with the record as a whole. The ALJ found that Calhoun's complaints of debilitating symptoms and functional limitations were inconsistent with the "relatively weak medical evidence." See Kisling v. Chater, 105 F.3d 1255, 1257 (8th Cir. 1997) (absence of objective medical evidence supporting alleged degree of severity is important factor). For example, records from November 1998, November 2000, November 2001, and February 2005 reveal that Calhoun had "excellent and pain-free range of motion at both hips"; that she had "absolutely full range of motion" in her left shoulder; with normal gait and intact muscle strength in the upper extremities; and that Calhoun had "full active and passive [range of motion] of the knees and hips." As to fibromyalgia, one doctor diagnosed the disease in late 1998, but Calhoun worked in automotive sales until August 2001, and no physician of record has opined that her fibromyalgia has since deteriorated. Calhoun's own

treating physician was "not 100% sure on this diagnosis of fibromyalgia" in June 2003. The ALJ also properly considered record evidence that Calhoun's symptoms improved with medication, and that she often did not follow recommended treatment. See Brown v. Barnhart, 390 F.3d 535, 540 (8th Cir. 2004) ("If an impairment can be controlled by treatment or medication, it cannot be considered disabling."); Guilliams, 393 F.3d at 802 (failure to follow recommended treatment weighs against credibility). In sum, substantial evidence strongly supports the credibility finding.

In light of the substantial evidence supporting the ALJ's credibility determination, the RFC finding is not in error. Substantial evidence on the record as a whole also supports the ALJ's finding that Calhoun could perform her past relevant work.

After careful examination of the record—including the briefs, the ALJ's decision, the transcript of the hearing, and additional medical and documentary evidence—this Court concludes that the ALJ's decision is supported by substantial evidence on the record as a whole. Therefore, the Commissioner's decision denying Calhoun's application for benefits is AFFIRMED.

SO ORDERED.

/s/ DEAN WHIPPLE
Dean Whipple
United States District Judge

Date: June 30, 2006